■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN D. STEPHENS, Also Known as OTIS VINES, Appellant.— Order, Supreme Court, New York County entered December 15, 1970, affirmed. The appellant asked for a hearing on his application for a writ of error *coram nobis*. The dissent is more generous and suggests the conviction is void and would remand the case for rearraignment. What error indicates such a possible result? The defendant pleaded guilty to a drug charge to cover two indictments, and on June 4, 1969 was sentenced to an indeterminate term not to exceed three years, which for ought we know, may already have been completed. He claims that he was never advised of his right to appeal (*People* v. *Montgomery,* 24 N Y 2d 130). Of course, he must show that there is a reasonable basis for an appeal (*People* v. *Lynn,* 28 N Y 2d 196). He contends the sentence is excessive, but he was informed at the time of the plea that the statutory maximum for the degree of crime to which he pleaded was four years. He also contends that section 335-c of the former Code of Criminal Procedure set forth in the dissent, which was omitted in the Criminal Procedure Law now in effect, mandates that he be advised with respect to the effect of any prior conviction. There is no indication that the appellant had a prior conviction, and no evidence whatsoever that a prior conviction, if any, was taken into account in his sentencing. In *People* v. *Pagliacetti* (31 A D 2d 150) cited in the dissent, there was a prior conviction which did enter into the result. The dissent would have us, as a matter of pure rote, provide for an additional procedure which, because it is no longer in effect, can have no precedential value, simply because an appellant raises an interesting question which does not affect the result. Concur — Stevens, P. J., McGivern, Markewich and Kupferman, JJ.; Murphy, J., dissents in the following memorandum: Defendant pleaded guilty to criminal possession of a dangerous drug in the third degree to cover two indictments and on June 4, 1969 was sentenced to an indeterminate term of imprisonment not to exceed three years. In this *coram nobis* proceeding he seeks to vacate that judgment on the ground that he was never apprised of his right to appeal, although he had appealable issues; in violation of the rules of this court (particularly rule V[2]'[a], in effect at the time of sentence) and the precepts of *People* v. *Montgomery* (24 N Y 2d 130), even as limited by *People* v. *Lynn* (28 N Y 2d 196). Respondent does not dispute the fact that neither court nor counsel complied with these requirements; but argues, instead, that appellant has failed to raise a genuine appealable issue. (*People* v. *Lynn, supra.*) For the reason hereinbelow set forth, I believe such requisite showing has been made. Appellant contends, and respondent concedes, that at no time did the court comply with the provisions of section 335-c of the Code of Criminal Procedure, which provides: "Except in a case governed by section three hundred thirty-five-a of this Code [relating to traffic infractions not here applicable], where the offense with which defendant is charged or to which he pleads guilty is one for which a different or additional punishment is prescribed or expressly authorized by reason of the fact that the defendant has previously

been convicted of an offense, the court before accepting a plea of guilty must inform the defendant that if he has previously been so convicted that fact may be established after his conviction or plea of guilty in the action before the court and he may be subject to such different or additional punishment." In *People* v. *Pagliacetti* (31 A D 2d 150), we held it to be "settled law that, if the warning required by * * * [Code Crim. Pro., § 335-c] is not given, the conviction is void." (See, also, *People ex rel. Colan* v. *La Vallee*, 14 N Y 2d 83; *People* v. *Mazzatti*, 33 A D 2d 1095.) Our colleagues in the Third Department have held this to be true "regardless of whether the defendant was prejudiced or not". (*People* v. *Jordan*, 27 A D 2d 584, 585.) In light of the foregoing, appellant has raised a viable issue. However, since, as above noted, the conviction is void, it seems unnecessary to require a hearing. Accordingly, I would reverse the order appealed from, vacate the judgment of conviction and remand the case for rearraignment of the defendant. (*Cf. People* v. *Jordan, supra.*)